IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA LORRAINE RUSS,<br><br>    Plaintiff,<br><br>  v.<br><br>DRY CREEK RANCHERIA BAND OF POMO INDIANS,<br><br>    Defendant.<br>_____/ | No. C 06-03714 CRB<br><br>**ORDER** |

Now pending before the Court is Defendant's motion to dismiss. For the reasons set forth below, the proceedings are STAYED until Plaintiffs exhaust the tribal remedies available to them.

## BACKGROUND

The dispute in this case involves a Tribal Redevelopment and Relocation Agreement ("Agreement") executed between Plaintiffs and Defendant. Complaint ¶¶ 1, 6, 7. Under the Agreement, Plaintiffs agreed to convey to the Tribe their rights and interests in their residences on the Dry Creek Rancheria reservation (which had been designated for "economic redevelopment" pursuant to a proposed gaming and casino project). Id. ¶¶ 13, 27, 39, 45, 46. In exchange, the Tribe agreed to help Plaintiffs locate permanent replacement housing, to provide a monthly "relocation allowance" to the Plaintiffs, and to pay the cost of such replacement housing up to a certain amount. Id. ¶¶ 14, 18, 28, 40, 45.

Plaintiffs allege that the Tribe did not help them find permanent replacement housing and did not provide them with money to purchase replacement housing. Id. ¶ 66. According to Plaintiffs, the Tribe's Board of Directors unilaterally informed them that their contract had expired, that Defendant no longer had any legal obligation to them, and that the Tribe would terminate their relocation allowance in ninety days. Id. ¶¶ 23, 36, 42, 54, 62. Plaintiffs complaint sets forth seven causes of action: (1) breach of written contract; (2) specific performance; (3) imposition of constructive trust; (4) fraud and deceit; (5) conversion; (6) negligent infliction of emotional distress; (7) wrongful eviction. See id. ¶¶ 12-120.

Now pending before the Court is Defendant's motion to dismiss. Defendant puts forth two arguments: (1) that this Court must stay the proceedings or dismiss the case because Plaintiffs have failed to exhaust tribal remedies; and (2) that Defendant is immune from suit because of its status as a recognized Indian tribe.[1]

## DISCUSSION

"[C]onsiderations of comity direct that tribal remedies be exhausted before the question is addressed by the District Court." Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 15 (1987). Indeed, the exhaustion of tribal remedies is "a prerequisite" to any exercise of this Court's authority. Burlington N. R.R. Co. v. Crow Tribal Council, 940 F.2d 1239, 1245 n.3 (9th Cir. 1991).

The exhaustion requirement, however, is prudential rather than jurisdictional. See Wellman v. Chevron, 815 F.2d 577, 578 (1987) (noting that the district court's dismissal should have been based on comity, rather than lack of subject matter jurisdiction). Thus, "the exhaustion requirement is not a jurisdictional bar" and "[f]ederal courts may stay proceedings

---

[1] Two days prior to oral argument on Defendant's motion to dismiss, Plaintiffs filed an Amended Complaint in which they named as defendants not only the Dry Creek Rancheria Band of Pomo Indians (who had been named in the original Complaint), but also several of the Tribe's officers in their "individual" and "official" capacities. The Amended Complaint also added a claim for breach of fiduciary duty. Because the identity of the defendants and the content of the claims do not affect the Court's analysis with respect to the dispositive issue in this motion, i.e. the Plaintiffs' failure to exhaust tribal remedies, the Court will refer to the named defendants in the Amended Complaint as "Defendant" for purposes of this order. All citations in this order are to the original Complaint.

2

1  and retain jurisdiction pending exhaustion of tribal court remedies." Burlington Northern,
2  940 F.2d at 1245 n.3.

3      Defendant asserts, and Plaintiffs do not dispute, that under the law and custom of the
4  Dry Creek Rancheria Band of Pomo Indians, Plaintiffs have the opportunity to seek reversal
5  of decisions by the Tribe's Board of Directors by taking the matter before the Dry Creek
6  Rancheria Tribal Council. See Decl. of Harvey Hopkins in Support of the Defendants' Reply
7  Brief in Support of Motion to Dismiss ¶¶ 3, 5. Defendant contends that Plaintiffs must
8  exhaust this remedy before they may invoke the authority of the federal courts. This Court
9  agrees.[2]

10     Although Plaintiffs argue that exhaustion is not required in this case, none of the
11 exceptions to the exhaustion requirement apply in this case. See Nat'l Farmers Union Ins.
12 Cos. v. Crow Tribe, 471 U.S. 845, 856 n.21 (1985) ("Exhaustion would not be required
13 where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in
14 bad faith, or where the action is patently violative of express jurisdictional prohibitions, or
15 where exhaustion would be futile . . . ."). Plaintiffs note that exhaustion is not required
16 where an assertion of tribal jurisdiction is conducted in bad faith or is motivated by a desire
17 to harass, but they offer no explanation about why the Tribe's conduct in this case might
18 have been in bad faith or for the purpose of harassment. Moreover, the Ninth Circuit has
19 held that assertions of bias or bad faith must first be asserted in the tribal venue itself, which
20 the Plaintiffs have not done in this case. See A& A Concrete, Inc. v. White Mountain
21 Apache Tribe, 781 F.2d 1411, 416-17 (9th Cir. 1986).

22     Nor is there any reason to think that it would be futile to seek relief before the Tribal
23 Council. The question here is not whether Plaintiffs are likely to obtain relief before the
24 Tribal Council, but whether an additional, plausible avenue of relief remains available to

---

[2] Plaintiffs argue that, by considering information provided by Defendant regarding exhaustion of tribal remedies, the Defendant has turned its motion to dismiss into a motion for summary judgment. This contention is without merit. Accepting this view would render the exhaustion requirement meaningless: the Court would then need to decide any motion to dismiss and any jurisdictional issues prior to deciding the question of exhaustion. Ninth Circuit law, however, clearly requires the exhaustion of tribal remedies before the court can exercise its authority over the case. Burlington Northern, 940 F.2d at 1245 n.3.

3

them through Tribal institutions. See Johnson v. Gila River Indian Cmty., 174 F.3d 1032, 1036 (9th Cir. 1999) (noting that the exhaustion of tribal remedies is unnecessary where there is no tribal forum available); see also Howlett v. Salish and Kootenai Tribes of Flathead Reservation, Montana, 529 F.2d 233, 240 (9th Cir. 1976) (finding that exhaustion would have been futile where the Tribal Court indicated that it would deny relief because it lacked authority to reverse the relevant ruling by the Tribal Council). Here, although there is some overlap in the membership of the Board of Directors and the Tribal Council, there is no indication that the Tribal Council has denied or will deny Plaintiffs relief.

Plaintiffs also argue that exhaustion is not required where it is plain that the tribal court lacks jurisdiction over the dispute. The purpose of the exhaustion requirement, however, is precisely to give the tribal authority the opportunity to determine its own jurisdiction over the matter before a federal court interferes. See Burlington Northern, 940 F.2d at 1244 ("'The federal courts should not even make a ruling on tribal court jurisdiction . . . until tribal remedies are exhausted.'" (quoting National Farmers Union Ins. Cos., 471 U.S. at 1228))). Here, Plaintiffs have not presented their jurisdictional argument to any tribal institution. Moreover, the subject matter of this case — an economic redevelopment project and any accompanying housing relocation program for tribal members living on the reservation — would appear to be a matter subject to tribal jurisdiction. Whatever the Tribal Council's jurisdiction, it cannot be said that this matter clearly falls outside the scope of that institution's authority. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 55 (1978) ("Indian tribes are distinct, independent political communities, retaining their original natural rights in matters of local self-government."). The cases cited by Plaintiffs, both of which involve disputes between Indian tribes and non-Indians, are inapposite. See Strate v. A-1 Contractors, 520 U.S. 438, 459 (1997); Nevada v. Hicks, 533 U.S. 353, 369 (2001).

Here, Defendants have identified the Tribal Council as an entity that is capable of addressing Plaintiffs' claims and providing them with relief from the actions of the Board of Directors. It does not matter that the Tribal Council is not a judicial body, nor does it matter that the remedy available to the Plaintiffs is administrative in nature. See Santa Clara

4

1 Pueblo, 436 U.S. at 65-66 ("Nonjudicial tribal institutions have also been recognized as
2 competent law-applying bodies." (citing United States v. Mazurie, 419 U.S. 544 (1975))); see
3 also Burlington Northern, 940 F.2d at 1246 (requiring the exhaustion of "tribal
4 administrative proceedings").  Plaintiffs are therefore required to seek redress from the Tribal
5 Council before seeking relief in this Court.

     For the reasons set forth above, the proceedings are STAYED until the Plaintiffs have exhausted the tribal remedies available to them.  Because the parties have represented to the Court that a meeting of the Tribal Council will take place soon, this Court will proceed to schedule a settlement conference before a magistrate judge, which shall be held in the event that Plaintiffs are unable to obtain relief from the Tribal Council.

**IT IS SO ORDERED.**

Dated: September 12, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\3714\Order 1.wpd

5