Richard Sax, Esq. SBN 80632 *Richard@rsaxlaw.com*
LAW OFFICES OF RICHARD SAX
448 Sebastopol Avenue
Santa Rosa, CA 95401
Telephone: (707) 525-1824
Facsimile: (707) 525-8119
Attorneys for Plaintiffs,
Melissa Lorraine Russ; Karen Casillas;
Katherine Marie Casillas Somersall;
and Yolanda Casillas Somersall

Jerome L. Levine, Esq. (SBN 038613)
Frank R. Lawrence, Esq. (SBN 147531)
David M. Gonden, Esq. (SBN 154306)
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
Attorneys for Defendant,
Dry Creek Rancheria Band of Pomo Indians

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA LORRAINE RUSS; KAREN CASILLAS; KATHERINE MARIE CASILLAS SOMERSALL; and YOLANDA CASILLAS SOMERSALL,<br><br>Plaintiffs,<br><br>vs.<br><br>DRY CREEK RANCHERIA BAND OF POMO INDIANS; DRY CREEK CASINO, LLC; a limited liability company; NEVADA GOLD & CASINOS, INC., a corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. C 06-03714 CRB<br><br>UPDATED JOINT CASE MANAGEMENT STATEMENT AND ~~PROPOSED~~ ORDER |

1

The parties to the above-entitled action jointly submit this Updated Case Management Statement and Proposed Order and request the Court to adopt it as its Updated Case Management Order in this case.

## DESCRIPTION OF THE CASE

**1.     A brief description of the events underlying the action:**

**Plaintiffs contend:**

Plaintiffs Melissa Lorraine Russ, Karen Casillas, Katherine Marie Casillas Somersall, and Yolanda Casillas Somersall ("Melissa," "Karen," "Katherine," "Yolanda," or, collectively, "plaintiffs"), bring this action against defendant Dry Creek Rancheria Band of Pomo Indians, Inc. ("Tribe") for breach of contract.

This action arises from the grossly unjust, arbitrary, and capricious refusal of the Tribe to honor the Tribal Redevelopment and Relocation Agreements ("Agreements") signed by the parties in March, April, and May of 2002.

This is a breach of contract case since the tribe executed a limited waiver of immunity regarding enforcement of the Relocation Agreements.

Plaintiffs are documented members of the Tribe and were lifelong residents on the Dry Creek Rancheria reservation ("reservation"). Plaintiffs conveyed their rights, titles, and interests in their residences and assignments on the reservation to the Tribe, in reliance upon promises by the Tribe to purchase Replacement Housing up to $320,000, which was raised to $400,000 by the Tribe in December of 2003. By moving off the reservation, even through they did not wish to move, plaintiffs contributed to the economic well-being and greater good of the Tribe.

Plaintiffs' assignments were valuable real property hereditary interests, which plaintiffs could have transferred to their heirs.

The Tribe entered into the Agreements because it sought space on the 75-acre Alexander Valley reservation for its gaming project, parking garage, and casino, now known as "River Rock Casino." Plaintiffs' homes and assignments were located on reservation land designated by the Tribe for economic redevelopment.

Since 2002, the Tribe has told plaintiffs to wait their turn to obtain Replacement Housing. Nineteen others have received Replacement Housing, but plaintiffs are still waiting.

The Tribe also promised that plaintiffs would be able to move back on the reservation as an alternative to purchasing them a new house, but the Tribe has not provided any housing or housing plan, and the Board of Directors of the Tribe has told plaintiffs that it won't honor their Agreements at all.

Plaintiffs only wish to live peacefully in their relocation homes, and only want to be treated like the nineteen others who received relocation homes. No more, no less.

### A. The Tribe's Limited Waiver of Immunity

In paragraph 17 of the Agreements, the Tribe "…waives its immunity from suit solely for and limited to the purpose of enforcing the payments due from the Tribe thereunder, in any court of competent jurisdiction; providing that the waiver was expressly revoked following the Closing Date…" Paragraph 6 of the Agreements defines the "Closing Date" as "…upon closing of the sale transaction (the 'Closing Date)."

### B. Plaintiffs' Attempts To Exhaust Their Tribal Remedies

Plaintiffs' efforts at Tribal Council meetings on December 9, 2006 and September 9, 2006, together with the upcoming Tribal Council meeting on April 28, 2007 and plaintiffs' previous efforts to obtain Tribal hearings in this matter, satisfy requirements to exhaust Tribal remedies before proceeding with this litigation.

**Defendant Dry Creek Rancheria Band of Pomo Indians contends:**

Defendants disagree with plaintiffs' allegations above, but do not believe that those allegations are relevant for purposes of the upcoming Case Management Conference, with the exception of the exhaustion issue. Defendants understand the purpose of this Case Management Conference to be to address the issues of the

JOINT CASE MANAGEMENT STATEMENT AND
PROPOSED ORDER

settlement conference set by the Court, which occurred on October 27, 2006, and the issue of plaintiffs' failure to exhaust their tribal remedies.

On October 27, 2006, a settlement conference was conducted before Magistrate Judge Chen, at which the parties appeared and participated in good faith for approximately six hours, but no settlement was reached at that time.

Defendants voluntarily scheduled a special meeting of the Tribal Council on December 9, 2006. Plaintiffs and their legal counsel appeared at the meeting and addressed the tribal members present concerning their case. Unfortunately, a quorum was not established, and thus no tribal action could be taken.

The parties have continued to conduct settlement discussions, through legal counsel, with Magistrate Judge Chen. On February 23, 2007, Magistrate Judge Chen issued an order directing that a letter he wrote to the members of the Tribal Council be distributed to the Tribal Council at least two weeks in advance of the April, 2007 Tribal Council meeting. The Tribe has complied with this Order. Judge Chen's letter set forth his proposed settlement terms for the Tribal Council's consideration.

The Tribe has its regular semi-annual Tribal Council meeting scheduled for April 28, 2007, and plaintiffs and their legal counsel have been invited to address the Tribal Council regarding their claims at that meeting. Because it is a mandatory regular, meeting, the Tribe anticipates obtaining a quorum.

**Exhaustion of Tribal Remedies is Not Futile**

Plaintiffs argue above that it is futile to require them to exhaust their tribal remedies. They are wrong. They have never appeared before a Tribal Council meeting at which a quorum was established to seek relief for their claims. Given that Magistrate Judge Chen has ordered the distribution of his written settlement proposal to the Tribal Council, it is particularly appropriate for that process to occur.

As a legal matter, futility exists only when the parties demonstrate unequivocally that the available tribal remedies cannot possibly yield the desired

results. *See, e.g., White Mountain Apache Tribe v. Hodel*, 840 F.2d 675, 677-678 (9th Cir. 1988) (futility exists by virtue of a "preannounced decision by the final administrative decision-maker" or when there is "objective and undisputed evidence of administrative bias which would render pursuit of an administrative remedy futile" (citations omitted)); *Aleknagik Natives Limited v. Andrus*, 684 F. 2d 496, 500-501 (9th Cir. 1980) (holding that requiring administrative review of decisions relating to disposition of townsite land under the Alaska Native Claims Settlement Act would be futile because the Secretary of the Interior had made clear his position, administrative remedies would be inadequate in that the Interior Board of Land Appeals had previously indicated that it did not have jurisdiction to issue the relief which would be sought, and the agencies' interests in first hearing the matter was not substantial as the claims involved solely matters of statutory interpretation); *Ringer v. Schweiker*, 684 F.2d 643, 647 (9th Cir.1982) (ruling by Secretary of Health & Human Services that a type of operation was conclusively excluded from Medicare coverage made individual appeal to administrative agency futile). Mere delay, even of months, does not establish futility. In this regard, defendants direct the Court's attention to *Johnson v. Gila River Indian Community*, 174 F.3d 1032, 1036 (9th Cir. 1999), holding that "a two-year delay in the tribal appellate court" was not "sufficient to show that pursuing tribal remedies is futile." Thus waiting one week until the April 28, 2007, Tribal Council meeting certainly is insufficient to establish futility.

2. **The principal factual issues which the parties dispute:**
**Plaintiffs:**
A.  Whether plaintiffs have exhausted their tribal remedies
B.  Whether the Tribe gave notice to plaintiffs of any further Tribal remedies as to their claims
C.  Whether the Tribe can assert that plaintiffs have not exhausted all tribal remedies if Tribal Council meetings continue to lack quorums

D. Whether a Tribal Council must ratify a decision of the Board of Directors to honor the Agreements

E. Whether the Board of Directors had the authority to enter into the Agreements

F. Whether the compensation offered plaintiffs in the Agreements is adequate and legal pursuant to the 1968 Indian Civil Rights Act

**Defendant Dry Creek Rancheria Band of Pomo Indians:**

As noted above, defendants believe that some or all of the factual claims plaintiffs recite are irrelevant for purposes of the May 4, 2007, further Case Management Conference and this statement. For present purposes, defendants dispute the "facts" plaintiffs allege and reserve all rights with respect thereto. With respect only to the exhaustion of tribal remedies issue and no other issues in the case, Defendants principal disputed factual issue is:

A. Whether the plaintiffs ever presented their grievances raised in this lawsuit, and asked for the relief they seek here, directly to a duly convened meeting of the Tribal Council at which a quorum was present.

3. **The principal legal issues which the parties dispute:**
**Plaintiffs:**

A. Whether plaintiffs have exhausted their tribal remedies

B. Whether the Tribe gave notice to plaintiffs of any further Tribal remedies as to their claims

C. Whether a Tribal Council must ratify a decision of the Board of Directors to honor the Agreements

D. Whether the Tribe can assert that plaintiffs have not exhausted all tribal remedies if Tribal Council meetings continue to lack quorums

JOINT CASE MANAGEMENT STATEMENT AND
PROPOSED ORDER

E. Whether the Board of Directors had the authority to enter into the Agreements

F. Whether the compensation offered plaintiffs in the Agreements is adequate and legal pursuant to the Indian Civil Rights Act of 1968.

**Defendant Dry Creek Rancheria Band of Pomo Indians:**

Defendants continue reserve all rights with respect to all issues, including sovereign immunity and plaintiffs' failure to exhaust tribal remedies. With respect only to the exhaustion of tribal remedies issues, Defendant's principal disputed legal issues include:

A. Whether plaintiffs have exhausted their tribal remedies by presenting their grievances raised in this lawsuit and seeking relief sought herein directly to a duly convened meeting of the Tribal Council at which a quorum was present.;

B. Whether plaintiffs' failure to exhaust their tribal remedies is futile as a matter of law.

**The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

None.

4. **The parties which have not been served and the reasons:**

Individual Board of Directors because action presently stayed. In addition, plaintiffs are considering bringing in causes of action for violation of civil rights pursuant to the Indian Civil Rights Act of 1968.

5. **The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

None.

JOINT CASE MANAGEMENT STATEMENT AND
PROPOSED ORDER

## ALTERNATIVE DISPUTE RESOLUTION

6. **The following parties consent to assignment of this case to a United States Magistrate Judge for jury trial:**

Please refer to previous Joint Case Management Statement.

7. **The parties have already agreed to the following court ADR process:**

Please refer to previous Joint Case Management Statement.

8. **The ADR process to which the parties jointly request referral:**

None.

## DISCLOSURES

Please refer to previous Joint Case Management Statement.

## DISCOVERY

9. **The parties agree to the following discovery plan:**

Please refer to previous Joint Case Management Statement.

## TRIAL SCHEDULE

10. **The parties request a trial date as follows:**

Please refer to previous Joint Case Management Statement.

Plaintiffs request that the Court schedule the further Case Management Conference after the Settlement Conference, which is set on May 24, 2007 before Magistrate Judge Edward M. Chen.

Defendants do not oppose continuing the further Case Management Conference to a date following a further settlement conference. Defendants' lead trial counsel are unavailable on May 24, 2007, have so informed Magistrate Judge Chen's chambers and plaintiffs' counsel. The parties are in the process of seeking to resolve this issue by stipulation.

JOINT CASE MANAGEMENT STATEMENT AND
PROPOSED ORDER

11.  The parties expect that the trial will last for the following number of days:

Please refer to previous Joint Case Management Statement.

Dated: April 20, 2007

/s/
Law Offices of Richard Sax
Attorneys for Plaintiffs,
Melissa Lorraine Russ; Katherine Marie Casillas Somersall; and
Yolanda Casillas Somersall

Dated: April 20, 2007

/s/
Holland & Knight LLP
Attorneys for Defendant,
Dry Creek Rancheria Band of Pomo Indians

### CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

The case management conference is cotniued to June 29, 2007 at 8:30 a.m.

Dated:  May 3, 2007

Honorable Charles R. Breyer
United States District

IT IS SO ORDERED
Judge Charles R. Breyer

# 4499233_v1